UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HILARIA J. QUINONES,

                Plaintiff,

-against-

CITY OF NEW YORK, ET AL.,

                Defendants.

24-CV-9758 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants have violated "all [her] rights."[1] (ECF 1, at 4.) Named as Defendants are the City of New York; "FBI New Jersey"; "FBI New York"; New York State; Celino and Barnes, a law firm; "CIA officials"; "Today women salon"; "ICE officials"; and "ACS & Healthcare officials," among others. (*Id.* at 1, 2-3.) By order dated February 3, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Plaintiff originally filed this action in the United States Eastern District for the Eastern District of New York. *See Quinones v. City of New York*, No. 1:24-CV-8115 (E.D.N.Y. Dec. 2, 2024). By order dated December 2, 2024, the Eastern District transferred this action to this court. (ECF 4.)

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

## BACKGROUND

The following facts are drawn from the complaint.[2] Plaintiff states that the events giving rise to her claims occurred on January 10, 2022, but that the date was "tampered with and

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

change[d] to January 27, 2022" as part of an "illegal wipeout" by the Mayor of New York City. (ECF 1, at 5.) Plaintiff alleges,

> [F]ramed in result of illegal brutal, violent invasion of all my privacy etc. and my two children's as well as minors in my own sole personal and physical care and custody as in accordance to laws, etc. Please help me with all public live trial and order of protection of further retaliation please for myself and all affected, etc. [D]efamation of character and false arrest by all landlords and managements, etc. Attempted murder of hospitals, caused negligence resulting in injuries of my two children and many more, etc. as well as violent surveillance harassment, and illegal invasion of privacy to my unauthorized hackable body and brain for master manipulators of all sorts for human traffickers of fbi, CIA, NYPD most corrupt entities, in retaliation of becoming a snitch, etc.

(*Id.*)

Plaintiff seeks $900 billion and "immediate removal of all sorts of inplantations and illegal hackable status for [her]self and two childrens." (*Id.* at 6.)

## DISCUSSION

Even when the Court construes Plaintiff's pleadings with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 475, the Court finds that the allegations do not plausibly allege a violation of Plaintiff's rights. The Court must not dismiss a complaint simply because the facts alleged appear to be "unlikely," *Denton*, 504 U.S. at 33, but a finding of factual frivolousness is warranted when the facts alleged are "clearly baseless," "fanciful," "fantastic," "delusional" or wholly incredible, "whether or not there are judicially noticeable facts available to contradict them." *Id.* at 32-33; *see Livingston*, 141 F.3d at 437. "Plaintiff's beliefs − however strongly [s]he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022).

The Court finds that, because Plaintiff does not provide any plausible factual support for her claims of being "framed," subjected to "violent surveillance [and] harassment," and having

3

her body and brain "hack[ed]" and implanted with devices, her claims rise to the level of the irrational and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him").

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with further amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   May 12, 2025
         New York, New York

                                                    _____
                                                            Louis L. Stanton
                                                               U.S.D.J.